SCHOTT, Judge.
Plaintiff has appealed from the dismissal of his claim against his employer for unpaid wages, statutory penalties and attorney’s fees.
Plaintiff was employed at a monthly salary of $1,700 per month, payable semimonthly on the first and fifteenth. On June 2, 1977, Meek was hospitalized as a result of an injury which he claimed was work connected. According to defendant, plaintiff was terminated effective June 15 and paid through that date. Plaintiff contends that he was employed on a monthly basis and is entitled to receive wages through the end of June as well as penalties and attorney’s fees.
In his reasons for dismissing plaintiff’s claim, the trial judge stated that since there was a “bona fide” dispute over whether or not wages were due and whether or not there involved a state or federal remedy, R.S. 23:631-632 should not be applied. We reach the same result as did the trial court, but for the simple reason that plaintiff was due no unpaid wages and the cited statutes are inapplicable.
Plaintiff was not entitled to wages after June 2 because he did not work after June 2. In the absence of some special contractual provisions an employee who *879 is unable to work because of sickness or injury, or is absent from work for any reason has no right to be paid his salary. Plaintiff cites no authority for his position that he is entitled to wages for a period when he was disabled and presumably entitled to workmen’s compensation benefits.
Plaintiff testified that he did some telephoning in his capacity as an employee while he was in the hospital, but this does not support an award of even a minor fraction of his salary after June 2 so that the payment of 100% of the salary through June 15 more than compensated him for these telephone calls. Accordingly, the judgment is affirmed.
AFFIRMED.
GULOTTA, J., concurs.